**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1197
_____

DANIEL L. SPUCK,
                              Appellant

v.

MARY KATHRYN SALYNSKI, ESQUIRE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-22-cv-00344)
District Judge:  Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 21, 2023

Before: HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: April 21, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Daniel Spuck, proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his complaint. For the reasons that follow, we will affirm the judgment of the District Court.

Without explanation, Spuck filed a notice of appeal from an order of the Pennsylvania Supreme Court, which the District Court directed the Clerk of Court to file as a civil rights complaint. Dkt. Nos. 2 at 2 & 3 at 1-3. The District Court, over Spuck's objections, adopted the Report and Recommendation of a Magistrate Judge and dismissed the complaint as barred by the Rooker-Feldman doctrine, without prejudice to Spuck's ability to file a petition for writ of certiorari with the United States Supreme Court. Dkt. Nos. 7 & 9. Spuck filed a timely notice of appeal. Dkt. No. 12.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of Spuck's complaint. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

First, to the extent Spuck requested the District Court to review an order of the Pennsylvania Supreme Court, the District Court was correct to dismiss that request based on a lack of subject matter jurisdiction. See 28 U.S.C. §§ 1257, 1331-32; Phila. Fed'n of Teachers v. Ridge, 150 F.3d 319, 323 (3d Cir. 1998) ("It is the plaintiffs' responsibility to clearly allege facts that invoke the court's jurisdiction.") (citation omitted). Second, though his objections to the Magistrate Judge's R&R included more information than his initial filing, see Dkt. Nos. 6 & 8, Spuck's bare-bone references to a state court

2

proceeding involving the same defendant named here are insufficient to state a claim upon which relief can be granted,[1] see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Finally, Spuck argues on appeal that, because the Pennsylvania Rules of Civil Procedure are ineffective and invalid, a state judge erred in awarding damages pursuant to those rules in a state court proceeding in which Spuck was involved. C.A. Dkt. No. 4 at 3-4. That argument is underdeveloped and meritless. See Pa. Const. art. V, § 10(c) (providing power to the Pennsylvania Supreme Court to prescribe rules); Dockery v. Thomas Jefferson Univ. Hosp., Inc., 253 A.3d 716, 721-22 (Pa. Super. Ct. 2021) (where plaintiff's constitutional attack on state procedural rules was not properly mounted because she failed to contend that the state Supreme Court lacked any rational basis for adopting the rule at issue).

Accordingly, we will affirm the judgment of the District Court.

---

[1] Our review is limited to the record before the District Court, which did not include specific information about the state court proceeding. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990). We do not search unspecified state court records in an attempt to clarify an appellant's arguments.